UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY MCCOY, | ) | CASE NO. 1:17CV2105 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | ORDER ADOPTING REPORT AND |
| Commissioner of Social Security, | ) | RECOMMENDATION |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg, which was issued on September 9, 2017. (ECF #16). Defendant, Nancy A. Berryhill, as Acting Commissioner of the Social Security Administration ("SSA"), indicated she would not file objections to the Report and Recommendation. (ECF #17). For the following reasons, the Report and Recommendation is hereby ADOPTED.

Plaintiff, Jeremy McCoy (hereafter "Mr. McCoy"), challenges the final decision of the SSA in denying his applications for Period of Disability ("POD"), Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. § 416(I), 423, 1381 *et seq*. (ECF #1). After the initial denial, Mr. McCoy requested a hearing before an Administration Law Judge ("ALJ"). On May 15, 2014, the ALJ conducted a hearing, and on July 30, 2104, the ALJ issued a written decision finding Mr. McCoy as not disabled. On appeal, the ALJ's decision was vacated and the case remanded for further proceedings. On April 27, 2016, the ALJ conducted a second hearing and again found

1

Mr. McCoy was not disabled. This decision became final on August 11, 2017, when the Appeals Council declined further review.

In the Complaint, Mr. McCoy alleges one error with the ALJ's decision:

> The [ALJ] erred in her analysis of treating physician opinion. She failed to articulate good reasons for the weight she gave to the opinions of Treating Physician Patel. She substituted her own opinion for that of a medical expert. Her errors were not harmless.

(ECF #13, p. 15).

On September 5, 2108, Magistrate Judge Greenberg issued his Report and Recommendation, finding that the ALJ's decision should be vacated and the case be remanded.

I. Standard of Review

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections to the report were filed. When objections are made, the district court reviews the case *de novo*. Federal Rule of Civil Procedure 72(b) provides:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports and indicated "when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee notes (citation omitted).

2

Furthermore, the U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "it does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

II.     Legal Analysis

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by substantial evidence and was made pursuant to proper legal standards. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010). However, a district court cannot uphold an ALJ's decision, even if there was enough evidence in the record to support the decision, "where the reasons given by the ALJ do not build an accurate and logical bridge between the evidence and the result." *Fleisher v. Astrue*, 774 F.Supp.2d 875, 877 (N.D. Ohio 2011)(citations omitted). Furthermore failure by the ALJ to apply the correct legal standards as promulgated by the SSA regulations is grounds for reversal. *See, e.g., White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009).

Magistrate Judge Greenberg outlined and summarized Mr. McCoy's extensive medical treatment for both physical and mental impairments from 2008-2016. Mr. McCoy underwent cervical disk displacement surgery in 2008 and testified at the 2016 hearing that he suffers from constant back pain, numbness in hands and legs, neuropathy in his feet, and numbness in his fingertips. (See ECF #16, p. 27).[1] Mr. McCoy walks with a cane and is unable to drive. Mr. McCoy began treatment with Sandeep Patel, M.D. (hereafter "Dr. Patel") in 2012 for ongoing back pain issues, and continued treatment with Dr. Patel through 2016. Dr. Patel submitted two

---

[1] This is a summary of the extensive medical treatment received by Mr. McCoy over the course of 8 years and is not a full recitation of the medical records presented at the hearing.

3

reports relating to Mr. McCoy's Physical Residual Functional Capacity ("RFC"): one in February 2014 and one in March 2016. These reports detail Mr. McCoy's severe physical limitations and indicate that he was capable of tolerating only "low stress jobs." (ECF #16, p. 16).

The ALJ found that Dr. Patel's diagnoses in 2014 were not persuasive, stating that Dr. patel "offered no clinical data supporting this opinion" or explain why Mr. McCoy needed to use a cane. (ECF #16, p. 42). The ALJ also discounted Dr. Patel's 2016 diagnoses, stating that she "does not give controlling weight to Dr. Patel's assessments" in light of the "totality of the evidence." (*Id.*) The ALJ then assessed an RFC that varies from the RFC's issued by Dr. Patel.

This Court agrees with Magistrate Judge Greenberg's opinion that the ALJ failed to articulate good reasons for rejecting Dr. Patel's opinions, and failed to articulate how much weight, if any, she gave to his opinions. In the Sixth Circuit, if "the ALJ does not accord controlling weight to a treating physician, the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399 (6th Cir. 2009); 20 CFR § 404.1527.

As Magistrate Judge Greenberg points out, the ALJ did not consider many of the factors set forth in 20 CFR § 404.1527 and 416.927 when addressing the specific functional limitations set forth in Dr. Patel's reports. Furthermore, the ALJ failed to articulate the amount of weight given to Dr. Patel's opinions, which runs contrary to Social Security regulations and rule and inhibits proper judicial review. *See, e.g., Blakely*, 581 F.3d at 406. Without offering any

4

meaningful analysis as to why the opinions of Mr. McCoy's treating physician were rejected, this Court cannot conduct a meaningful review of the ALJ's decision. *See Blackburn v. Colvin*, 2013 WL 3967282 at *7 (N.D. Ohio July 31, 2013). Therefore, this Court agrees with Magistrate Judge Greenberg's recommendation to vacate the final decision of the Commissioner and remand, which will afford the ALJ "the opportunity to sufficiently and more thoroughly address the physical functional limitations assessed by Dr. Patel." (ECF #16, p. 51).

III. Conclusion

This Court has reviewed the Report and Recommendation of this case and has considered all of the pleadings, affidavits, motions, and filings of the parties. The Court finds magistrate Judge Greenberg's Report and Recommendation to be thorough, well-written, well-supported and correct. After careful evaluation, this Court adopts the findings of fact and conclusions of law set forth by the Magistrate Judge in its entirety.

Therefore, the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg, (ECF #16), is ADOPTED. The final decision of the Commissioner is VACATED and this matter is REMANDED for further proceedings consistent with this evaluation.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Court

Date: October 31, 2018